[770 NYS2d 303]

In the Matter of MICHAEL R. BRESSLER (Admitted as MICHAEL ROY BRESSLER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 6, 2004

## APPEARANCES OF COUNSEL

*Thomas, J. Cahill* (*James T. Shed* of counsel), for petitioner. No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Michael R. Bressler was admitted to the practice of law in the State of New York by the First Judicial Department on November 22, 1993, under the name Michael Roy Bressler. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee (Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) immediately suspending respondent from the practice of law until further order of this Court based upon his substantial admissions under oath that he has committed professional misconduct that threatens the public interest.

The Committee commenced its investigation of respondent after receiving complaints from several of respondent's clients alleging respondent's neglect of legal matters entrusted to him. Respondent was deposed by Committee staff with respect to these complaints and during the course of his testimony, respondent admitted to the neglect of several legal matters.

More significantly, respondent also admitted that in one matter he intentionally misled a client into believing that he had commenced an action on the client's behalf in the Southern District, when in fact he had not, and in another case he made multiple false statements to his client to conceal the fact that he had neglected to file the appropriate paperwork to obtain an order of attachment for the client. In addition, his neglect of two other client matters resulted in the dismissal of the clients' complaints, in whole or in part, and in one of those cases the judge sanctioned respondent and the client for failure to comply with discovery, resulting in a judgment against both respondent and the client. Respondent did not inform the client of this judgment.

In seeking respondent's immediate suspension, the Committee asserts that respondent has admitted to the neglect of four separate matters in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30), has admitted to conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3) and has, in a separate matter, failed to maintain client funds in a special account in violation of DR 9-102 (b) (1) (22 NYCRR 1200.46). The Committee also notes that respondent has previously been issued a letter of admonition on September 26, 2000 for the neglect of one client matter, and for conduct that adversely reflects on his fitness as a lawyer in violation of DR 1-102 (a) (7) in another matter.

In light of respondent's admission under oath to multiple instances of professional misconduct involving neglect, dishonesty and the failure to properly maintain client funds, as well as his prior disciplinary history, there are ample grounds to conclude that respondent is guilty of professional misconduct immediately threatening the public interest (22 NYCRR 603.4 [e] [1] [ii]). Therefore, respondent's immediate suspension is warranted.

Accordingly, the Committee's motion for an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.

SAXE, J.P., SULLIVAN, ROSENBERGER, FRIEDMAN and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.