[774 NYS2d 36]

In the Matter of MICHAEL R. BRESSLER (Admitted as MICHAEL ROY BRESSLER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 23, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill (James T. Shed* of counsel), for petitioner. No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael R. Bressler was admitted to the practice of law in the State of New York by the First Judicial Department on November 22, 1993, under the name Michael Roy Bressler. At all times relevant to these proceedings, respondent maintained an office for the practice of law within this Department.

In a previous order (3 AD3d 71), this Court suspended respondent from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (ii), based on his substantial admissions under oath that he had committed professional misconduct and other uncontested evidence of misconduct.

The Departmental Disciplinary Committee (Committee) now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. 22 NYCRR 603.11 (a) permits an attorney who is the subject of an investigation or pending disciplinary proceeding to resign from the practice of law by submitting an affidavit of resignation to the Committee stating his intention to resign. Respondent's affidavit must also state that his or her resignation is freely and voluntarily rendered, with full awareness of the implications of resignation; that he or she is aware of the pending investigation or disciplinary proceeding; and that if charges are predicated on the misconduct being investigated, he or she could not successfully defend himself or herself on the merits against such charges (see 22 NYCRR 603.11 [a] [1]-[3]).

Respondent has submitted an affidavit in compliance with 22 NYCRR 603.11. In his affidavit, he indicates his intention to resign and that his resignation is being freely and voluntarily given. Further, he acknowledges that there are pending disciplinary charges against him alleging multiple instances of professional misconduct including the neglect of six legal matters entrusted to him, misrepresentations to five separate clients and to the Committee and failing to deposit client funds into a special account. Respondent further acknowledges that he cannot successfully defend himself on the merits against these charges.

In light of respondent's submission of an affidavit in full compliance with 22 NYCRR 603.11 (a), the Committee's motion for an order accepting respondent's resignation from the practice of law should be granted (22 NYCRR 603.11 [b]-[d]).

Accordingly, the Committee's motion for an order accepting respondent's resignation from the practice of law and striking

his name from the roll of attorneys should be granted, and respondent's name stricken from the roll of attorneys.

Saxe, J.P., Sullivan, Ellerin, Friedman and Gonzalez, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to January 21, 2004.